**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-60737
Summary Calendar

AMYLOU DOUGLAS,

Plaintiff-Appellant,

versus

STUART C. IRBY, CO.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
(3:95-CV-663-BrS)

October 23, 1998

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

POLITZ, Chief Judge:[*]

Amylou Douglas appeals an adverse judgment as a matter of law in her Title VII sex discrimination case. For the reasons assigned, we affirm.

Background

Douglas brought this action against her employer, the Stuart C. Irby Company, alleging sexual discrimination, in violation of Title VII of the Civil

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rights Act of 1964,[1] because she was denied the managerial-level position of Director of Purchasing and Inventory Management. The position was given to a male employee, Hugh Fonville. Vice President Al Doty, the employee responsible for filling the position, selected Hazel Brewer, a female, as his second choice for the position.

The case proceeded to trial before a jury. At the close of plaintiff's evidence, the trial court granted defendant's motion for judgment as a matter of law under Fed.R.Civ.P. 50, enunciating two reasons for its decision. The trial court found that Douglas had not demonstrated a *prima facie* case of gender discrimination. As required by **McDonnell Douglas Corp. v. Green**,[2] because she had not presented evidence that she was equally or better qualified than the male employee actually selected for the position and alternatively held that no reasonable juror could conclude, under the proof presented, that Douglas was discriminated against because of her sex. The trial court based this decision upon the lack of comparative evidence of her qualifications and Fonville's qualifications. Additionally, the trial court granted judgment as a matter of law on this basis because the second choice for the position was another female.

Analysis

We review the district court's grant of the motion for judgment as a matter

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 411 U.S. 792 (1973).

of law *de novo*,[3] applying the same standard as the district court and reviewing the evidence presented in the light most favorable to the nonmovant.[4] We will affirm if the facts and inferences in favor of the prevailing party are so strong that no reasonable juror could arrive at a verdict contrary to the district court's decision and we will reverse if there is substantial evidence upon which reasonable jurors could differ.[5]

Douglas contends that the district court erred in granting defendant's motion for judgment as a matter of law by altering improperly the requirement that she demonstrate a *prima facie* case. Specifically, Douglas asserts that the district court required her to prove that she had superior qualifications to the promoted employee, in contravention of the teachings of **Patterson v. McLean Credit Union**.[6] We need not and do not reach that question, however, as we agree with the district court's alternative rationale that plaintiff did not present sufficient evidence to permit a reasonable jury to find the proscribed discrimination. Considering Douglas's failure to present any comparative evidence concerning her qualifications and those of the male selected for the job, and the evidence that another female employee, and not Douglas, was the second choice for the job, no reasonable juror could have concluded that in filling the managerial-level position

---

[3] **Hidden Oaks Ltd. v. City of Austin**, 138 F.3d 1036 (5th Cir. 1998).

[4] **Gutierrez v. Excel Corp.**, 106 F.3d 683 (5th Cir. 1997).

[5] **Id.** at 686.

[6] 491 U.S. 164 (1989).

defendant discriminated against Douglas because of her sex. We perceive no error in the trial court's grant of defendant's motion for judgment as a matter of law and it is therefore AFFIRMED.